IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-60782
Conference Calendar

_____


OWEN NELSON,

                                              Plaintiff-Appellant,

versus

RICHARD STRINGER, Sheriff; UNKNOWN, Deputy Sheriffs of
Marion County; CHARLES M. BRYANT; BILL VASILION, Deputy,

                                              Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:96-CV-90-PG
- - - - - - - - - -
June 17, 1998
Before DAVIS, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Owen Nelson, Mississippi prisoner #44870, appeals from the
dismissal of his claims against Sheriff Richard Stringer and the
grant of judgment as a matter of law for Deputies Charles Bryant
and Bill Vasilion in Nelson's civil-rights case.  Nelson moves in
his reply brief for production of a trial transcript; Nelson's
motion for the transcript is DENIED.

     Nelson contends that the district court erred by dismissing

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

his claims against Sheriff Stringer before trial because trial testimony indicated that Stringer was present when chemical agents were used on Nelson; because Stringer was the county's final policymaker; because Stringer is responsible for controlling the officers under his command; and because Stringer, along with the other defendants, was deliberately indifferent to the use of chemical agents against him.

We have reviewed the record and the briefs and we find no nonfrivolous issue regarding the dismissal of Nelson's claims against Stringer. Accordingly, we hold that the Nelson's contentions regarding the dismissal of his claims against Stringer are frivolous for essentially the reasons upon which the district court relied. *Nelson v. Stringer*, No. 2:96-CV-90-PG (S.D. Miss. Oct. 31, 1996)(unpublished). Moreover, we lack a copy of the trial transcript to review Nelson's contention that the evidence presented at trial implicated Stringer.

Nelson contends that the evidence at trial demonstrated that the defendants were deliberately indifferent to the use of chemical agents against him. Nelson has not provided this court with a copy of the trial transcript. "The failure of an appellant to provide a transcript is a proper ground for dismissal of the appeal." *Richardson v. Henry*, 902 F.2d 414, 416 (5th Cir. 1990). Nelson's transcript request, made in his reply brief, was too late to be considered. Granting Nelson's request would prejudice the defendants, who already have briefed the

appeal.

Nelson's appeal is without arguable merit and is frivolous. *Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). This court previously dismissed an appeal of Nelson's as frivolous, *Nelson v. Puckett*, No. 97-60304 (5th Cir. Apr. 8, 1998)(unpublished), following that dismissal of the underlying complaint as frivolous. The dismissal of Nelson's appeal by this court constitutes one more strike against Nelson for purposes of 28 U.S.C. § 1915(g), for a total of three strikes. Nelson may not bring a civil action or appeal a judgment proceeding IFP unless he is under imminent danger of serious physical injury. § 1915(g).

APPEAL DISMISSED. APPELLANT BARRED UNDER 28 U.S.C. § 1915(g).